Filed 10/13/21  Yaney v. Turner CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

MICHELLE YANEY,

    Plaintiff and Appellant,

v.

RAYMOND TURNER,

    Defendant and Respondent.

E073428

(Super.Ct.No. PSC1901542)

OPINION

APPEAL from the Superior Court of Riverside County.  Kira L. Klathcko, Judge.  Dismissed.

Michelle Yaney, in pro per, for Plaintiff and Appellant.

No appearance by Defendant and Respondent.

A week after voluntarily dismissing her lawsuit against all defendants, plaintiff and appellant Michelle Yaney filed a notice of appeal from a pretrial ruling.  Yaney had obtained a writ of possession, and the trial court denied her motion to "perform simple clerical corrections" to that writ.  Her notice of appeal identified this denial (as well as a

1

separate but unidentified "order after judgement") as the basis of her appeal. For the reasons discussed below, we dismiss the appeal.

Yaney hired defendant and respondent Raymond Turner to move a number of items out of her mobile home. She believes she was overcharged and that Turner damaged the home. At some point, as a result of nonpayment, Turner took possession of two vehicles belonging to Yaney, refusing to return the vehicles to her until he was paid. Yaney then filed the complaint in this action, alleging causes of action for conversion, fraud, and preliminary injunction.[1]

During the course of the litigation, Yaney obtained a writ of possession for one of the vehicles. Yaney then filed an ex parte motion to "perform simple clerical corrections" to the writ of possession, which the trial court denied on July 3, 2019.

The following month, the court held a hearing. Although it is not entirely clear from our limited record, the hearing was apparently on Turner's motion to set aside a default Yaney had obtained against him, as the trial court had stated that its tentative view was to grant the motion and allow Turner to file an answer. Rather than accept the court's ruling and proceed with the case, Yaney asked the court "to dismiss this case without prejudice right now," stating that she needed "to bring it to Federal Court." The court asked Yaney: "[A]re you saying that instead of moving forward with your case you

---

[1] Although others were named as defendants (and plaintiffs), the present appeal only involves Yaney and Turner. Turner has not filed a respondent's brief in this court or otherwise participated in this appeal.

want me to dismiss this without prejudice," and Yaney confirmed that she did. The trial court therefore dismissed the action without prejudice.

One week after the dismissal, Yaney filed a notice of appeal. The notice of appeal states that the appeal is from (1) the July 3, 2019 order denying her motion to amend the writ of possession and (2) "[a]n order after judgment under Code of Civil Procedure, § 904.1(a)(2)."

After briefing was completed—such briefing consisting of only Yaney's opening brief—we requested supplemental briefing on the issue of mootness. Yaney filed a supplemental brief.

Having reviewed the record, we conclude that this case must be dismissed. "'A willful dismissal terminates the action for all time and affords the appellate court no jurisdiction to review . . . motions made prior to the dismissal.'" (*Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967, 975; see also *Yancey v. Fink* (1991) 226 Cal.App.3d 1334, 1342-1343 ["a voluntary dismissal by a plaintiff is accomplished by a ministerial act of the clerk, filing from which no appeal lies"].) Additionally, "[a] case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief.'" (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.) Here, because the trial court dismissed the case before judgment at Yaney's request, she has no rights under a writ of possession, regardless of whether she might otherwise have been entitled to have "simple clerical corrections" made to the previously issued writ. (See Code Civ. Proc., § 512.120 ["If the

plaintiff fails to recover judgment in the action, he shall redeliver the property to the defendant"].) She also has never specified what the "order after judgment" identified in her notice of appeal might be, and there could be no such order, since there was no judgment.

Accordingly, whether due to lack of jurisdiction or mootness, we have no power to consider the merits of Yaney's contentions.[2]

DISPOSITION

The appeal is dismissed. Plaintiff and appellant to bear her own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL                          
                                                 J.

We concur:

SLOUGH                          
              Acting P. J.

MENETREZ                          
                        J.

---

[2] We deny as irrelevant Yaney's: (1) motions to augment the record filed on July 7 and 9, 2020, which we deemed as requests for judicial notice; (2) requests for judicial notice filed on November 10 and 16, 2020; and (3) motion to consider additional evidence filed December 17, 2020.

4